1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA WARD, Individually and For Others Similarly Situated<br><br>          Plaintiff,<br><br>v.<br><br>PROVIDENCE ST. JOSEPH HEALTH, a Washington nonprofit corporation<br><br>          Defendant. | Case No. _____<br><br>ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

**SUMMARY**

1.      Joshua Ward (Ward) brings this class and collective action to recover unpaid wages and other damages from Providence St. Joseph Health (Providence).

2.      Providence employed Ward as one of its Straight Time Workers (defined below).

3.      Ward and the other Straight Time Workers were paid by the hour, while working for Providence.

4.      Ward and the other Straight Time Workers regularly work more than 40 hours a workweek.

5.      But Ward and the other Straight Time Workers are not paid required overtime wages when they worked in excess of 40 hours a workweek for Providence.

ORIGINAL COMPLAINT - 1

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

6.      Instead, Providence misclassifies Ward and the other Straight Time Workers as independent contractors.

7.      And, while working for Providence, Ward and the other Straight Time Workers are paid the same, "straight time," hourly rate for all hours worked each workday and never paid 1.5 times their regular rates of pay for hours worked in excess of 40 a workweek (straight time for overtime).

8.      Indeed, Providence uniformly misclassifies Ward and the other Straight Time Workers as exempt from overtime.

9.      But Ward and the other Straight Time Workers were never paid on a "salary basis," while working for Providence, as required for any relevant overtime exemption.

10.      And Providence applies its straight time for overtime pay scheme to Ward and the other Straight Time Workers regardless of any individualized differences.

11.      Providence's straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA) and Oregon law by depriving Ward and the other Straight Time Workers of the "time and a half" overtime premium they are owed for hours worked in excess of 40 a workweek.

12.      Likewise, Providence's straight time for overtime pay scheme violates Oregon law by depriving Ward and the other Straight Time Workers of all earned wages they are owed, upon termination of employment.

JURISDICTION & VENUE

13.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14.      The Court also has supplemental jurisdiction over the state-law claims because these claims arise from a common nucleus of operative facts. *See* 28 U.S.C. § 1367.

15.      This Court has general personal jurisdiction over Providence because it is a domestic nonprofit corporation.

16.      Venue is proper because Providence is headquartered in Renton, Washington, which is in this District and Division. *See* 28 U.S.C. § 1391(b)(1).

ORIGINAL COMPLAINT - 2

PARTIES

17.     Ward worked for Providence as a Registered Nurse (RN) in and around Portland, Oregon.

18.     Providence misclassified Ward as an independent contractor to avoid paying him overtime wages.

19.     Instead, Ward was paid the same hourly rate for all hours worked each workday and was not paid "time and a half" for hours worked in excess of 40 a workweek, under Providence's straight time for overtime pay scheme.

20.     Ward brings this class and collective action on behalf of himself and all other similarly situated employees who worked for, or on behalf of, Providence who were paid under its straight time for overtime pay scheme.

21.     Providence misclassified each of these employees as independent contractors to avoid paying them required overtime wages when they worked in excess of 40 hours a workweek.

22.     Instead, each of these employees were paid the same hourly rate for all hours worked each workday, including those hours worked over 40 in a workweek, in violation of the FLSA and Oregon law.

23.     The putative collective of similarly situated employees is defined as:

   All hourly paid individuals who worked for, or on behalf of Providence, who were paid straight time for overtime at any time during the past 3 years (the "FLSA Collective Members").

24.     The putative Oregon class of similarly situated employees is defined as:

   All hourly paid individuals who worked for, or on behalf of Providence in Oregon, who were paid straight time for overtime at any time during the past 3 years (the "Oregon Class Members").

25.     The FLSA Collective Members and the Oregon Class Members are collectively referred to as the "Straight Time Workers."

26.     Providence is a domestic nonprofit corporation with its principal place of business in Renton, Washington.

ORIGINAL COMPLAINT - 3

27.    Providence can be served through its registered agent: C T Corporation System, 711 Capitol Way S, Ste 204, Olympia, Washington 98501.

FLSA COVERAGE

28.    At all relevant times, Providence was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

29.    At all relevant times, Providence was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

30.    At all relevant times, Providence was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, medical supplies, and personal protective equipment – that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

31.    At all relevant times, Providence has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

32.    At all relevant times, Ward and the other Straight Time Workers were Providence's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

33.    At all relevant times, the Straight Time Workers were engaged in commerce or in the production of goods for commerce.

34.    The Straight Time Workers were uniformly paid under Providence's straight time for overtime pay scheme.

35.    As a result, Providence failed to pay Ward and the other Straight Time Workers at least 1.5 times their regular rates of pay, based on all remuneration, for hours worked after 40 each week.

36.    Providence's straight time for overtime pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

ORIGINAL COMPLAINT - 4

FACTS

37.     Providence bills itself as a "comprehensive health care organization" that employs "122,000 caregivers (all employees) serve in 51 hospitals, 1,000 clinics and a comprehensive range of health and social services across Alaska, California, Montana, New Mexico, Oregon, Texas and Washington."[1]

38.     To meet its business objectives, Providence hires employees, like Ward and the other Straight Time Workers.

39.     Providence misclassifies these workers, including Ward and the other Straight Time Workers, as independent contractors.

40.     And Ward and the other Straight Time Workers are not paid overtime wages for the hours they work in excess of 40 a workweek, while working for Providence.

41.     Providence does not hire Ward and the other Straight Time Workers on a project-by-project basis.

42.     Rather, Providence hires and treats Ward and the other Straight Time Workers just like regular employees.

43.     Indeed, Providence employs numerous other RNs and similar patient care workers, whom it properly classifies and treats as employees, who perform the same or similar functions as Ward and the other Straight Time Workers.

44.     Despite misclassifying Ward and the other Straight Time Workers as independent contractors, Providence controls and directs all meaningful aspects of their employment.

45.     Providence controls Ward's and the other Straight Time Workers' rate and method of pay.

46.     Providence controls Ward's and the other Straight Time Workers' schedules and assignments.

47.     Providence controls Ward's and the other Straight Time Workers' work.

---

[1] https://www.providence.org/about(last accessed September 5, 2024).

ORIGINAL COMPLAINT - 5

48.    Ward and the other Straight Time Workers work on Providence's premises.

49.    Ward and the other Straight Time Workers do not maintain business locations separate from Providence.

50.    Providence requires Ward and the other Straight Time Workers to follow its policies, procedures, plans, protocols, and specifications.

51.    Ward's and the other Straight Time Workers' work must strictly adhere to the quality and safety standards put in place by Providence.

52.    Ward and the other Straight Time Workers take direction from, and are supervised by, Providence personnel.

53.    Ward and the other Straight Time Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

54.    Indeed, the daily and weekly activities of Ward and the other Straight Time Workers are largely governed by standardized plans, procedures, and checklists created and implemented by Providence.

55.    Virtually every job function is predetermined by Providence, including the tools and equipment used at the job site (which are provided by Providence), the schedule of work, and related work duties.

56.    Without the job Ward and the other Straight Time Workers perform, Providence would not be able to complete its core business objective of providing healthcare to its patients.

57.    The work Ward and the other Straight Time Workers perform is therefore an essential and integral part of Providence's core business as a hospital system – providing healthcare to its patients.

58.    Ward and the other Straight Time Workers rely on Providence for work and compensation.

59.    Ward and the other Straight Time Workers have no opportunity for profit or loss.

ORIGINAL COMPLAINT - 6

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

60.     Indeed, Ward's and the other Straight Time Workers' income is limited to the hourly wages (that do not include overtime) they are paid for all hours worked each day and week, while working at Providence.

61.     Ward and the other Straight Time Workers cannot subcontract out the work they are assigned by Providence.

62.     Ward and the other Straight Time Workers do not substantially invest in the tools required to complete their assignments from Providence.

63.     Rather, Providence incurs the large-scale business and operating expenses like payroll, marketing, equipment, tools, facilities, and materials.

64.     Providence issues Ward and the other Straight Time Workers ID and access badges.

65.     Providence maintains control, oversight, and direction of Ward and the other Straight Time Workers, including, but not limited to, hiring, firing, disciplining, and other employment practices.

66.     In sum, as a matter of economic reality and under Oregon law, Ward and the other Straight Time Workers are Providence's employees. *See* O.R.S. § 670.600.

67.     Ward and the other Straight Time Workers are paid on an hourly basis, while working for Providence.

68.     Ward and the other Straight Time Workers regularly work more than 40 hours a workweek for Providence.

69.     But Ward and the other Straight Time Workers are not paid premium overtime wages, while working for Providence.

70.     Instead, Ward and the other Straight Time Workers are paid the same hourly rate for all hours worked each workday they work for Providence.

71.     And when Ward and the other Straight Time Workers work in excess of 40 hours in a workweek for Providence, they are not paid "time and a half" for the hours worked in excess of 40.

ORIGINAL COMPLAINT - 7

72.    While exact job titles and job duties may differ, Providence subjects these employees to the same or similar straight time for overtime pay scheme for similar work.

73.    For example, Ward worked for Providence as an RN in and around Portland, Oregon from approximately December 2022 through April 2023.

74.    As an RN, Ward's primary duties included providing direct patient care in Providence's emergency rooms (in its Portland and St. Vincent hospitals), such as monitoring patients, checking vital signs, administering medications, implementing doctors' orders, responding to emergencies, and generally assisting doctors alongside other nursing staff.

75.    Providence misclassified Ward as an independent contractor to avoid paying him overtime wages.

76.    The shifts he worked for Providence were scheduled through an online "app" Providence utilized to secure employees for shifts, called CareRev.

77.    For each shift Ward worked, he was paid a single hourly rate for each hour he worked for Providence.

78.    But Ward was never paid "time and a half" overtime wages when Ward worked in excess of 40 hours in a workweek for Providence.

79.    Instead, he was paid straight time for overtime, while working for Providence.

80.    Ward was Providence's hourly employee.

81.    Ward reported his hours worked to Providence.

82.    Providence approved Ward's hours worked each workday and workweek.

83.    Providence's records reflect the hours Ward worked each week.

84.    Ward regularly worked more than 40 hours a week while employed by Providence.

85.    But despite knowing Ward regularly worked overtime for Providence, he was not paid overtime wages for the hours he worked over 40 in a workweek.

86.    Instead, he was paid under Providence's straight time for overtime pay scheme.

ORIGINAL COMPLAINT - 8

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

87.    For example, during the week of February 19 to 25, 2023, Ward worked 48 hours "on the clock," but he was not paid overtime for the hours he worked in excess of 40 that workweek, and instead he was paid approximately $85.99 an hour for all hours worked:

| February 22 | Providence St. Vincent - RNs Feb 19 2023 | 12.0 hours | $1,056.96 |
| February 24 | Providence St. Vincent - RNs Feb 20 2023 | 12.0 hours | $1,006.68 |
| February 28 | Providence Portland - RNs Feb 24 2023 | 12.0 hours | $1,006.68 |
| February 28 | Providence Portland - RNs Feb 25 2023 | 12.0 hours | $1,056.96 |

88.    Under Providence's straight time for overtime pay scheme, Ward did not receive the required "time and a half" overtime premium for the hours he worked over 40 a workweek while working for Providence, in violation of the FLSA and Oregon law.

89.    And Ward additionally received occasional, non-discretionary bonuses.

90.    And Providence's straight time for overtime pay scheme violates Oregon law by depriving Ward of timely payment of all earned wages he was owed upon termination of employment with Providence.

91.    The other Straight Time Workers are paid according to the same straight time for overtime pay scheme that was imposed on Ward, while working for Providence.

92.    Like Ward, the other Straight Time Workers are paid on an hourly basis, while working for Providence.

93.    Like Ward, Providence requires the other Straight Time Workers to report their hours worked.

94.    And Providence approves the other Straight Time Workers' hours.

95.    Thus, just as Providence maintains records of the hours Ward worked, it also maintains records of the hours the other Straight Time Workers work each week.

96.    Providence's records show the Straight Time Workers (like Ward) regularly work more than 40 hours a workweek.

ORIGINAL COMPLAINT - 9

97.     Every Straight Time Worker worked more than 40 hours in at least one workweek during the relevant period.

98.     Despite knowing the other Straight Time Workers regularly worked overtime, they are not paid premium overtime wages, while working at Providence.

99.     Ward and the other Straight Time Workers were never paid on a "salary basis," while working for Providence.

100.    Because Ward and the other Straight Time Workers were not paid on a "salary basis," while working for Providence, they are all non-exempt employees entitled to overtime wages.

101.    But Ward and the other Straight Time Workers are not paid premium overtime wages when they work more than 40 hours in a workweek for Providence.

102.    Instead, they are paid under Providence's uniform, illegal straight time for overtime pay scheme, in violation of the FLSA and Oregon wage laws.

103.    And, as with Ward, Providence's straight time for overtime pay scheme violates Oregon law by depriving other, former Straight Time Workers of timely payment of all earned wages they are owed upon termination of employment with Providence.

CLASS AND COLLECTIVE ACTION ALLEGATIONS

104.    Ward brings his claims as a class and collective action on behalf of himself and all others similarly situated, under the FLSA and Fed. R. Civ. P. 23.

105.    The Straight Time Workers were victimized by Providence's straight time for overtime pay scheme, which is in willful violation of the FLSA and Oregon law.

106.    Other Straight Time Workers worked with Ward and indicated they were paid in the same manner, performed similar work, and were subject to Providence's same straight time for overtime pay scheme.

107.    Based on his experiences with Providence, Ward is aware Providence's straight time for overtime pay scheme was imposed on the other Straight Time Workers.

108.    The putative class of Straight Time Workers is so numerous that joinder of each similarly situated individual would be impracticable.

ORIGINAL COMPLAINT - 10

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

109.    The Straight Time Workers are similarly situated in the most relevant respects.

110.    The Straight Time Workers were all subject to Providence's straight time for overtime pay scheme that deprived them of required overtime wages, based on all remuneration, for all hours worked in excess of 40 a workweek.

111.    Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

112.    Specific job titles or precise job locations of the Straight Time Workers do not prevent class or collective treatment.

113.    Rather, the Straight Time Workers are held together by Providence's straight time for overtime pay scheme that systematically deprived them of overtime wages for all hours worked in excess of 40 a workweek.

114.    The failure to pay overtime compensation for all overtime hours worked by the Straight Time Workers, as required by the FLSA and Oregon law, results from generally applicable, systematic policies, and practices imposed by Providence, which are not dependent on the personal circumstances of the Straight Time Workers.

115.    The Straight Time Workers are similarly denied overtime wages when they work more than 40 hours in a week.

116.    The back wages owed to Ward and the other Straight Time Workers can be calculated using the same formula applied to the same Providence records.

117.    Ward's experiences are therefore typical of the experiences of the other Straight Time Workers.

118.    Ward has no interest contrary to, or in conflict with, the other Straight Time Workers.

119.    Like each Straight Time Worker, Ward has an interest in obtaining the unpaid wages owed to them under the FLSA and Oregon law.

120.    A class and collective action, such as this one, is superior to other available means for fair and efficient adjudication of this Action.

ORIGINAL COMPLAINT - 11

121.    Absent this class and collective action, many Straight Time Workers likely will not obtain redress for their injuries, and Providence will reap the unjust benefits of violating federal and Oregon law.

122.    Further, even if some of the Straight Time Workers could afford individual litigation against Providence, it would be unduly burdensome to the judicial system.

123.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Straight Time Workers and provide for judicial consistency.

124.    The questions of law and fact that are common to each Straight Time Worker predominate over any questions affecting solely the individual members.

125.    Among the common questions of law and fact are:

    a.    Whether Providence misclassified Ward and the other Straight Time Workers as independent contractors;

    b.    Whether Providence misclassified Ward and the other Straight Time Workers as exempt;

    c.    Whether Providence uniformly imposed its straight time for overtime pay scheme on the Straight Time Workers;

    d.    Whether Ward and the other Straight Time Workers failed to receive overtime wages for all hours worked in excess of 40 hours a workweek, while working for Providence, in violation of the FLSA and Oregon law;

    e.    Whether Ward and other, former Straight Time Workers failed to timely receive all earned wages upon termination of employment with Providence, in violation of Oregon law;

    f.    Whether Providence's decision not to pay Ward and the other Straight Time Workers overtime wages for all overtime hours worked was made in good faith;

ORIGINAL COMPLAINT - 12

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

g.      Whether Providence's decision not to timely pay Ward and other, former Straight Time Workers all earned wages upon termination of employment was made in good faith; and

h.      Whether Providence's violations were willful.

126.    Ward and the other Straight Time Workers sustained damages arising out of Providence's straight time for overtime pay scheme.

127.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Providence's records, and there is no detraction from the common nucleus of liability facts.

128.    Therefore, the issue of damages does not preclude class or collective treatment.

129.    Ward knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

130.    Providence is liable under the FLSA and Oregon law for failing to pay overtime to Ward and the other Straight Time Workers for all overtime hours worked.

131.    Consistent with Providence's straight time for overtime pay scheme, Ward and the other Straight Time Workers are not paid overtime wages for all overtime hours worked.

132.    As part of its regular business practices, Providence intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Oregon law with respect to Ward and the Straight Time Workers.

133.    There are many similarly situated Straight Time Workers who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

134.    The similarly situated Straight Time Workers are known to Providence, are readily identifiable, and can be located through Providence's business and personnel records.

ORIGINAL COMPLAINT - 13

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

PROVIDENCE'S VIOLATIONS WERE WILLFUL AND/OR DONE
IN RECKLESS DISREGARD OF FEDERAL & OREGON LAW

135.    Providence knew it controlled Ward's and the other Straight Time Workers' rates of pay.

136.    Providence knew it controlled Ward's and the other Straight Time Workers' method of pay.

137.    Providence knew it controlled Ward's and the other Straight Time Workers' work schedules.

138.    Providence knew it prohibited Ward and the other Straight Time Workers from straying from Providence's procedures, specifications, and other protocols in performing their job duties.

139.    Providence knew it did not require Ward and the other Straight Time Workers to possess any specialized skillset other than that maintained by all workers in their respective job positions.

140.    Providence knew Ward's and the other Straight Time Workers' work was integral to Providence's core business operation.

141.    Providence knew it controlled the day-to-day job duties that Ward and the other Straight Time Workers performed.

142.    And Providence knew that Ward and the other Straight Time Workers performed these duties it controlled on Providence's premises.

143.    Providence knew its investment in the tools and equipment necessary for Ward and the other Straight Time Workers to perform their jobs relatively outweighed any investment made by these workers by a substantial degree.

144.    Providence knew it did not hire Ward and the other Straight Time Workers to work on a project-by-project basis.

145.    Providence knew Ward and the other Straight Time Workers relied on it for work and compensation.

ORIGINAL COMPLAINT - 14

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

146.    Providence knew it controlled Ward's and the other Straight Time Workers' opportunity for profit or loss.

147.    Indeed, Providence knew Ward's and the other Straight Time Workers' opportunity for profit or loss was minimal and their income was limited to their hourly compensation (which did not include overtime).

148.    Thus, Providence knew, should have known, or recklessly disregarded whether, as a matter of economic reality under federal and Oregon law, Ward and the other Straight Time Workers were Providence's employees.

149.    Nonetheless, Providence misclassified Ward and the other Straight Time Workers as independent contractors and refused to pay them overtime wages.

150.    Providence's misclassification of Ward and the other Straight Time Workers as independent contractors was designed to mask its violation of federal and Oregon law (while also itself being a violation of federal and Oregon law).

151.    Providence's misclassification of Ward and the other Straight Time Workers as independent contractors was neither reasonable, nor was its decision to misclassify Ward and the other Straight Time Workers as independent contractors made in good faith.

152.    Providence knew it was subject to the FLSA's and Oregon law's overtime provisions.

153.    Providence knew it was subject to Oregon law's earned wages upon termination of employment requirements.

154.    Providence knew the FLSA and Oregon law required it to pay non-exempt employees, including Ward and the other Straight Time Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

155.    Providence knew Ward and each Straight Time Worker worked more than 40 hours in at least one workweek during relevant period because it required these workers to report their "on the clock" hours worked to Providence.

156.    Providence knew Ward and the other Straight Time Workers were its hourly employees.

ORIGINAL COMPLAINT - 15

157.    Providence knew Ward and the other Straight Time Workers were paid by the hour, while working for Providence.

158.    Providence knew Ward and the other Straight Time Workers were paid straight time for overtime, while working for Providence.

159.    Providence knew Ward and the other Straight Time Workers were not paid on a "salary basis," while working for Providence.

160.    Providence knew it did not pay Ward and the other Straight Time Workers any guaranteed sum on a weekly or less frequent basis that was not subject to reduction based on the quantity or quality of work.

161.    Thus, Providence knew its straight time for overtime pay scheme did not satisfy the "salary basis" test.

162.    Nonetheless, Providence uniformly misclassified Ward and the other Straight Time Workers as exempt employees and they were not paid overtime wages.

163.    Providence's decision to misclassify Ward and the other Straight Time Workers as exempt was neither reasonable, nor was it made in good faith.

164.    Providence's failure to pay Ward and its other Straight Time Workers overtime wages was neither reasonable, nor was its decision not to pay these non-exempt employees overtime wages made in good faith.

165.    Providence's failure to timely pay Ward and the other Straight Time Workers all earned wages upon termination of employment was neither reasonable, nor was its decision not to timely pay these non-exempt employees earned wages made in good faith.

166.    Providence knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA and Oregon law.

167.    Providence knowingly, willfully, and/or in reckless disregard carried out its straight time for overtime pay scheme that deprived Ward and the other Straight Time Workers of premium overtime wages in violation of the FLSA and Oregon law.

ORIGINAL COMPLAINT - 16

1

## COUNT I

2

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
(FLSA COLLECTIVE)

3

4      168.    Providence violated the FLSA by employing non-exempt employees (Ward and the

5    other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without

6    paying such employees overtime wages at rates of at least 1.5 times their regular rates of pay – based

7    on all remuneration – for the hours they worked in excess of 40 a workweek.

8      169.    Providence's unlawful conduct harmed the FLSA Collective Members by depriving

9    them of the overtime wages they are owed.

10     170.    Accordingly, Providence owes the FLSA Collective Members the difference between

11   the rate actually paid and the required overtime rate for all hours worked in excess of 40 a workweek.

12     171.    Because Providence knew, or showed reckless disregard for whether, its straight time

13   for overtime pay scheme violated the FLSA, Providence owes these wages for at least the last 3 years.

14     172.    Providence is also liable to the FLSA Collective Members for an additional amount

15   equal to all their unpaid wages as liquidated damages.

16     173.    Finally, the FLSA Collective Members are entitled to recover all reasonable attorneys'

17   fees and costs incurred in this action.

18

## COUNT II

19

### FAILURE TO PAY OVERTIME UNDER OREGON LAW
(OREGON CLASS)

20     174.    Ward brings his Oregon overtime claim as a class action on behalf of himself and

21   the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

22     175.    At all relevant times, Providence was an "employer" within the meaning of Oregon

23   wage laws. *See* O.R.S. § 653.010(3).

24     176.    At all relevant times, Providence "employed" Ward and each Oregon Class Member

25   within the meaning of Oregon wage laws. *See* O.R.S. § 653.010(2).

26

27

ORIGINAL COMPLAINT - 17

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

177.    At all relevant times, Ward and each Oregon Class Member were covered "employees" entitled to overtime compensation. *See* O.R.S. § 653.020.

178.    Under ORS § 653.261 and OAR 839-020-0030, employers, like Providence, are required to pay employees, including Ward and the other Oregon Class Members, overtime wages of at least 1.5 times their regular rates of pay – based on all remuneration – for all hours worked in excess of 40 hours a workweek.

179.    Providence violated, and is violating, Oregon overtime laws by failing to pay Ward and the other Oregon Class Members overtime wages of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 each workweek. *See* O.R.S. § 653.261; O.A.R. 839-020-0030.

180.    Ward and the other Oregon Class Members have been harmed as a direct and proximate result of Providence's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Providence derived a direct and substantial benefit.

181.    Providence knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Ward and the other Oregon Class Members overtime compensation for all overtime hours worked.

182.    Providence's failure to pay these employees overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime compensation for all overtime hours worked made in good faith.

183.    Accordingly, Ward and the other Oregon Class Members are entitled to recover their unpaid overtime compensation, civil penalties pursuant to ORS § 652.120, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* O.R.S. §§ 653.055(1) and (4); O.R.S. § 652.200; O.R.S. § 82.010.

<u>COUNT III</u>

FAILURE TO TIMELY PAY EARNED WAGES UNDER OREGON LAW
(OREGON CLASS)

184.    Ward brings his Oregon law claim for unpaid earned wages upon termination of employment on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P.

ORIGINAL COMPLAINT - 18

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

23.

185.    At all relevant times, Providence was an "employer" within the meaning of Oregon wage laws. *See* ORS § 653.010(3).

186.    At all relevant times, Providence "employed" Ward and each Oregon Class Member within the meaning of Oregon wage laws. *See* O.R.S. § 653.010(2).

187.    At all relevant times, Ward and each Oregon Class Member were covered "employees" entitled to overtime compensation. *See* O.R.S. § 653.020.

188.    Providence was required to pay all earned, but unpaid wages, including all overtime wages, owed to Ward and the other Oregon Class Members whose employment with Providence has terminated no later than 5 days following termination of their respective employment. *See* O.R.S. § 652.140(2).

189.    Ward's employment with Providence terminated in April 2023.

190.    Providence has willfully failed to timely pay Ward and the other Oregon Class Members who have terminated their employment with Providence all of the earned wages due and owing to them in violation of ORS 652.140.

191.    Accordingly, Ward and the other Oregon Class Members who are former employees of Providence are entitled to recover their unpaid earned wages, penalties as set forth in ORS 652.150 of thirty (30) times their respective daily rates of pay, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* O.R.S. §§ 653.055(1) and (4); O.R.S. § 652.200; O.R.S. § 82.010.

JURY DEMAND

192.    Ward demands a trial by jury.

RELIEF SOUGHT

WHEREFORE, Ward, individually and on behalf of the other Straight Time Workers, seeks the following relief:

ORIGINAL COMPLAINT - 19

a.  An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Straight Time Workers allowing them to join this action by filing their written consent;

b.  An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.  An Order appointing Ward and his counsel to represent the interests of the Straight Time Workers;

d.  An Order pursuant to Section 16(b) of the FLSA finding Providence liable for unpaid back wages due to Ward and the Straight Time Workers, plus liquidated damages in an amount equal to their unpaid wages;

e.  An Order pursuant to Oregon wage laws finding Providence liable for unpaid overtime wages and earned wages upon termination due to Ward and the other Oregon Class Members, as well as all available statutory and civil penalties;

f.  A Judgment against Providence awarding Ward and the Straight Time Workers all their unpaid wages, liquidated damages, and any other penalties available under the FLSA;

g.  A Judgment against Providence awarding Ward and the Oregon Class Members all unpaid wages and other damages available under Oregon wage laws;

h.  An Order awarding attorney's fees, costs, and expenses;

i.  Pre- and post-judgment interest at the highest applicable rates; and

j.  Such other and further relief as may be necessary and appropriate.

ORIGINAL COMPLAINT - 20

| 1 | Dated: September 24, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | FRANK FREED SUBIT & THOMAS, LLP |
| 4 | | By: /s/ Michael Subit |
| | | Michael C. Subit, WSBA #29189 |
| 5 | | msubit@frankfreed.com |
| 6 | | 705 Second Ave., Suite 1200 |
| | | Seattle, Washington 98104 |
| 7 | | Telephone: 206.682.6711 |
| 8 | | Michael A. Josephson* |
| | | TX Bar No. 24014780 |
| 9 | | Andrew W. Dunlap* |
| | | TX Bar No. 24078444 |
| 10 | | JOSEPHSON DUNLAP, LLP |
| | | 11 Greenway Plaza, Suite 3050 |
| 11 | | Houston, Texas 77046 |
| 12 | | Phone: (713) 352-1100 |
| | | Fax:    (713) 352-3300 |
| 13 | | mjosephson@mybackwages.com |
| | | adunlap@mybackwages.com |
| 14 | | |
| 15 | | Richard J. (Rex) Burch* |
| | | TX Bar No. 24001807 |
| 16 | | BRUCKNER BURCH, PLLC |
| | | 11 Greenway Plaza, Suite 3025 |
| 17 | | Houston, Texas 77046 |
| | | Phone: (713) 877-8788 |
| 18 | | Fax:    (713) 877-8065 |
| | | rburch@brucknerburch.com |
| 19 | | |
| 20 | | *Pro hac vice applications forthcoming |
| 21 | | ATTORNEYS FOR WARD & |
| | | THE STRAIGHT TIME WORKERS |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |

ORIGINAL COMPLAINT - 21