UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA WARD, Individually and For Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENCE ST. JOSEPH HEALTH, a Washington nonprofit corporation,<br><br>Defendant. | Case No. C24-1528RSM<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Defendant Providence St. Joseph Health ("Providence")'s Motion to Compel Individual Arbitration, Dkt. #23.

Plaintiff Joshua Ward is a Registered Nurse who worked in facilities run by Defendant Providence in and around Portland, Oregon. He has filed a class and collective action against Providence alleging violations of the Fair Labor Standards Act ("FLSA") and Oregon law. *See* Dkt. #1.

Defendant has attached documents showing that Mr. Ward did not work for Providence as an employee, but rather as an independent contractor staffed through the third-party companies Care.Stat! (doing business as CareRev) and Express Services, Inc. (doing business as Express Employment Professionals). *See* Dkt. #23 at 7 (citing Dkt. #25) and at 9 (citing Dkt. #26). In order to do this work, Mr. Ward signed agreements with these staffing agencies

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 1

that included arbitration clauses. *See id*. at 8–9. Mr. Ward agreed to the following, among other terms:

> Any dispute, controversy or claim arising out of, relating to or in connection with this Agreement, including the breach, termination or validity thereof, shall be finally resolved by arbitration. The tribunal shall have the power to rule on any challenge to its own jurisdiction or the validity or enforceability of any portion of the agreement to arbitrate.
>
> …
>
> To the fullest extent permitted by applicable law, you and CareRev (each a "party" and collectively the "parties") agree to arbitrate any and all disputes, controversies, or claims between you and us…
>
> …
>
> Claims against the Company subject to this Agreement shall include claims against the Company's parents, subsidiaries, affiliates, franchisees, alleged agents, and alleged joint or co-employers, and their respective directors, officers, employees, and agents, whether current, former, or future.

*Id*.

Mr. Ward disputes none of this. Instead, he argues Providence was not a party to these agreements, and that the above agreements cannot be enforced to require him to arbitrate this action with a non-signing third party. *See* Dkt. #32 at 5 (citing *Eugene Water & Elec. Bd. v. MWH Americas, Inc.*, 293 Or. App. 41, 58, 426 P.3d 142, 151 (2018)).

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 2

claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130). To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id*. (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).

Notwithstanding the language of Section 3 of the FAA, a court "may either stay the action or dismiss it outright [if] the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).

On Reply, Providence points to several cases that appear to allow the relief it is requesting here under a variety of legal principles. *See* Dkt. #33 at 8–10 (citing *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 870–71 (9th Cir. 2021); *Livingston v. Metropolitan Pediatrics, LLC*, 227 P.3d 796, 804-05 & n.7 (Or. Ct. App. 2010); *Marshall v. Healthy Living Network Res., LLC*, No. 6:21-CV-01304-MK, 2022 WL 2015325, at *5 (D. Or. May 11, 2022), *report and recommendation adopted*, No. 6:21-CV-1304-MK, 2022 WL 1988000 (D. Or. June 6, 2022)). Providence argues, *inter alia*, that Mr. Ward should be equitably estopped from avoiding arbitration. *Id.* at 14–15.

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 3

Equitable estoppel can be established if Providence shows that Mr. Ward's claims are "intertwined" with the underlying agreement. *See Legacy Wireless Servs., Inc. v. Hum. Cap., L.L.C.*, 314 F. Supp. 2d 1045, 1056 (D. Or. 2004); *Franklin,* supra. In *Franklin*, a nurse signed an agreement with a staffing agency that required arbitration for "all disputes that may arise out of or be related to [Franklin's] employment. . . ." 998 F.3d at 869. The nurse worked at a hospital that was not a signatory to the arbitration agreement. The nurse later brought a class and collective action against the hospital, alleging violations of the FLSA and California law. *Id*. at 870. The district court granted a motion to compel arbitration, finding that "the Hospital could compel arbitration as a nonsignatory because Franklin's statutory claims against the Hospital were "intimately founded in and intertwined with" her contracts with [the staffing agency]" and thus "Franklin was equitably estopped from avoiding the arbitration provisions of her employment contracts." *Id.* The Ninth Circuit affirmed. Among other things, the panel noted that the contract included "necessary information" regarding the terms of her work and her rights to compensation. *Id*. at 876.

The Court finds *Franklin* instructive, with an analogous fact pattern. The outcome here should be the same, and is permitted under Oregon law. Mr. Ward's FLSA claims here are likewise intertwined with the staffing agency contracts containing arbitration clauses, and the Complaint clearly alleges a close relationship between the parties and Providence. Accordingly, the Court will grant the instant Motion. The Court finds that a stay is appropriate despite the existence of four opt-in plaintiffs, as these plaintiffs will likely be subject to the above or other arbitration clauses. *See* Dkt. #27 ("Madden Decl."), ¶ 3.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Providence's Motion to Compel Individual Arbitration,

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 4

Dkt. #23, is GRANTED. This case is STAYED pending the outcome of arbitration. The parties are DIRECTED to provide a joint status update to the Court within six months of the date of this Order, or immediately upon resolution of arbitration.

DATED this 3rd day of July, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 5